```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                       HARRISON DIVISION

LESA A. MONAHAN                                          PLAINTIFF

           v.              Civil No. 06-3048

ACTRONIX, INC. AND
STANDARD INSURANCE COMPANY                              DEFENDANTS

STANDARD INSURANCE COMPANY                           COUNTERCLAIMANT

           v.

LESA A. MONAHAN                                    COUNTERDEFENDANT
```

## ORDER

NOW on this 2nd day of April, 2007, comes on for consideration Jill Jacoway's **Motion to Intervene** (document #15) filed on January 30, 2007, and the Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiff, Lesa A. Monahan ("Monahan"), seeks long-term disability ("LTD") benefits allegedly due her pursuant to a group LTD policy that Defendant, Standard Insurance Company ("Standard"), issued to her former employer, Defendant Actronix, Inc. ("Antronix").  In response, Standard counterclaims that, in fact, Monahan owes Standard approximately $8,400 due to Monahan's receipt of lump-sum awards of Social Security Disability Benefits and Dependent Benefits while Standard was paying her LTD claim.

2. Prior to commencing the present action, Monahan filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Arkansas.  While Monahan listed Standard's $8,400 claim against her in Schedule F ("Creditors Holding Unsecured Nonpriority Claims") to her Voluntary Petition, she did not list her claim against Standard for the benefits sought herein in Schedule B ("Personal Property") or in any other schedule depicting the pre-petition

property of claimant.

3. On January 10, 2006, the Bankruptcy Court entered its Discharge of Debtor in Monahan's case, which operated to discharge Standard's claim against her. Thereafter, on August 17, 2006, Monahan commenced this action, wherein she seeks to recover on the claim against defendants which she did not disclose on her property schedules in the preceding bankruptcy action.

4. On January 30, 2007, Jill Jacoway ("Jacoway"), Chapter 7 Bankruptcy Trustee for Monahan, filed a motion to intervene, stating that pursuant to 11 U.S.C. § 541 any and all interests of Monahan in the present proceeding and the disputed claim are, in fact, interests of the bankruptcy estate. Moreover, as Trustee of the bankruptcy estate, Jacoway contends that she is the correct and proper plaintiff in this cause of action and a necessary party to this litigation.

5. Monahan has not responded to the motion to intervene.

6. Fed. R. Civ. P. 24 governs intervention, providing for both intervention of right and permissive intervention and states in pertinent part:

> (a) **Intervention of Right**.  Upon timely application anyone shall be permitted to intervene in an action:  (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Whether a party has the right to intervene is a question of law. United States v. Metropolitan St. Louis Sewer Dist., 883 F.2d 54, 55 (8th Cir. 1989). In the Eighth Circuit, Rule 24 is construed liberally and all doubts are resolved in favor of the proposed intervenor. Kansas Pub. Employees Retirement System v. Reimer & Koger, 60 F.3d 1304,

1307 (8th Cir. 1995).

    7.  The Court finds that intervention as a matter of right under Rule 24(a) is warranted and Jacoway will be allowed to file a complaint in intervention.

    IT IS THEREFORE ORDERED THAT the **Motion to Intervene** (document #15) filed on January 30, 2007, by Jill Jacoway, should be, and hereby is, **GRANTED; the intervenor is directed to immediately file her complaint in intervention and to serve the same upon all parties of record.**

    IT IS SO ORDERED.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE